IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IFEANYI NWANI,

        Plaintiff,

v.

MOLLY, et al.,

        Defendants.

CIVIL ACTION
NO. 17-3634

**OPINION**

**Slomsky, J.**                                                                                                                           May 31, 2018

**I.    INTRODUCTION**

Plaintiff Ifeanyi Nwani, proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights arising from his arrest and subsequent incarceration at the George W. Hill Correctional Facility. (Doc. No. 5.) He brings claims against the following Defendants: John Barnett, David Byrne, Michael Moore, Sgt. Joe Sabatino, Correctional Officer (CO) Charles Wise, CO Frank Kwaning, Dana Keith, Matthew Righter, Ronald Phillips, Molly and John Doe.[1] (Id.) Plaintiff, still an inmate at the George W. Hill Correctional Facility, claims

---

[1] John Barnett is "case manager for unit 10A." (Doc. No. 5 at 2.) David Byrne is Warden of the George W. Hill Correctional Facility. (Id.) Michael Moore is "in charge of housing all inmates" of the facility. (Id.) Sgt. Joe Sabatino is the "Unit Sergeant" of unit 8D. (Id.) COs Charles Wise and Frank Kwaning are COs on unit 8D. (Id. at 3.) Dana Keith is on the law library staff at the facility. (Id.) Matthew Righter is "Home Plan Coordinator" of the facility. (Id.) Ronald Phillips is a medical doctor at the facility. (Id. at 4.)

As for Molly and John Doe, according to Plaintiff, the former is "case manager for unit 5A" (id. at 2) and the latter is "Jail official at unit 10A" (id. at 4). However, neither has been served in this action and as Defendants claim, neither can be adequately identified. (Doc. No. 13 at 7.)

By Order dated May 14, 2018, the Court required Plaintiff to submit a letter to the Court as to whether there is good cause for failing to serve these Defendants, as they were due to be

constitutional violations under the First, Fourth and Eighth Amendments stemming from inadequate conditions of confinement, failure to answer grievances, invasion of privacy, harassment, confiscation of property and deliberate indifference to Plaintiff's medical needs. (Id.)

Before the Court is a Motion to Dismiss filed by Defendants Barnett, Byrne, Moore, Sgt. Sabatino, CO Wise, CO Kwaning, Keith, Righter and Phillips. (Doc. No. 13.) The Motion is ripe for disposition.[2] For reasons that follow, the Court will grant the Motion to Dismiss (Doc. No. 13).

## II. FACTUAL AND PROCEDURAL BACKGROUND[3]

On January 8, 2016, while Plaintiff was incarcerated at the George W. Hill Correctional Facility, his cell became flooded with water leaking from the toilet or sink. (Doc. No. 5 at 5.) Plaintiff informed an unidentified officer about the situation, who ordered Plaintiff back into his cell and disregarded Plaintiff's request to be temporarily housed elsewhere. (Id.) Plaintiff then slipped and fell in his cell and sustained "eye injuries" and injuries "to his right hipp [sic], knee and lower back." (Id. at 12.) At some point afterward, Plaintiff visited the medical unit but was

---

served by February 13, 2018 pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 17.) Plaintiff submitted a letter dated May 21, 2018, in which he attempted to justify the lack of service upon these Defendants by claiming that the "Clerk's office specifically told Plaintiff that the defendants' counsel will be serve[d]." (Doc. No. 18.) Defendants responded to Plaintiff's letter with a letter stating that their counsel do not represent "Molly" or "John Doe" and did not make any representation to Plaintiff that they do. (Doc. No. 19.)

Given that Plaintiff has not been able to identify these persons for about two years and that Defendants have represented that these persons cannot be adequately identified, it would be futile to give Plaintiff leave to amend with respect to them.

[2] In reaching a decision, the Court has considered the Complaint (Doc. No. 5), the Motion to Dismiss (Doc. No. 13) and Plaintiff's Opposition to the Motion to Dismiss (Doc. No. 16).

[3] The facts are based on the allegations in the Complaint.

not given "adequate medical treatment" by Defendant Doctor Phillips for his "eye injuries" and did not receive "constant medication" for his other injuries. (Id.)

On February 14, 2016, Defendant Molly moved Plaintiff from the "block, general population" to the "Mental Segregation Unit." While housed in that unit, Plaintiff was "denied hours of recreation" by unidentified officers. (Id.) On numerous occasions, Plaintiff made complaints and submitted grievances to Defendants Barnett, Byrne and Moore about the conditions of his confinement in the Mental Segregation Unit but they failed to respond to or act upon Plaintiff's complaints and grievances. (Id. at 6-7.)

In July 2016, Plaintiff was attacked on two occasions by other inmates in the Mental Segregation Unit. (Id. at 8.) He was taken to the medical facility and treated for injuries to his eyes. (Id.) On August 3, 2016, Plaintiff was relocated back to the "general population," specifically, unit 8D. (Id.) On August 28, 2016, following cell searches and pat-downs of "all inmates," Defendant Sabatino confiscated a television that belonged to Plaintiff's former cellmate but which was given to Plaintiff. (Id. at 9.) In October 2016, Defendant Wise confiscated a second television that was given to Plaintiff by another inmate. (Id. at 10.)

In November 2016, Defendant CO Kwaning allegedly "sexually abused" Plaintiff by banging on Plaintiff's cell door, watching Plaintiff when he was on the toilet and conducting multiple cell searches and pat-downs of Plaintiff "every second shift" during which he "grabbed Plaintiff's genitalia and commented that his genitalia is bigger than . . . Plaintiff's." (Id.) Defendant Kwaning also commented that he has "power to do whatever he likes to Plaintiff." (Id.)

On each of Plaintiff's visits to the law library, Defendant Keith, a librarian, did not provide Plaintiff with assistance by printing cases, making photocopies of legal documents and

making certain items available to Plaintiff such as writing materials and envelopes. (Doc. No. 5 at 10-11.) Defendant Keith also allegedly did not give Plaintiff sufficient time at the law library to work on his filings and made threats to call the guards to have Plaintiff forcibly removed from the library. (Id.)

Plaintiff alleges that he was scheduled to be released on parole on August 10, 2016, the minimum date of his release. (Id. at 11.) He provided Defendant Righter, the "Home Plan Coordinator," with a home plan that Righter did not approve, thus delaying Plaintiff's release. (Id. at 11-12.)

On August 11, 2017, Plaintiff commenced this action through an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 1.) Plaintiff's application was granted on October 16, 2017 and his Complaint was filed that same day. (Doc. Nos. 4-5.)

## III. STANDARD OF REVIEW

The motion to dismiss standard under Rule 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544. "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted). The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

When determining a motion to dismiss, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Where, as here, the complaint is

filed pro se, the "complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Fatone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). It should be dismissed only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Olaniyi v. Alexa Cab Co., 239 F. App'x 698, 699 (3d Cir. 2007) (citing McDowell v. Del. State Police, 88 F.3d 188, 189 (3d Cir. 1996)).

IV. ANALYSIS

Defendants Barnett, Byrne, Moore, Sgt. Sabatino, CO Wise, CO Kwaning, Keith, Righter and Phillips move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 13.) Each of Defendants' arguments will be addressed in turn.

### A. Plaintiff's Claims for His Slip and Fall, Denial of Recreation, Conditions of Confinement and Attacks by Other Inmates Will Be Dismissed

Defendants argue that the Complaint fails to state a claim of liability for a slip and fall, denial of recreation, conditions of confinement and attacks by other inmates because Plaintiff does not identify any Defendant in these claims. (Doc. No. 13.)

Regarding the slip and fall claim, Plaintiff responds that he identified Defendant Byrne as being responsible because Byrne is responsible for supervision of the correctional facility and the conduct of its employees. (Doc. No. 16 at 9-10.) Regarding the other claims, Plaintiff argues in his Response that he alleged them against Defendants Warden Byrne; Moore, as the person in charge of inmate housing; and Barnett, the case manager for unit 10A. (Id.)

Liability under § 1983 cannot attach unless a plaintiff demonstrates "that each defendant had 'personal involvement in the alleged wrong[]; liability cannot be predicated solely on the operation of respondeat superior.'" L.L. v. Evesham Twp. Bd. of Educ., 710 F. App'x 545, 550 n.7 (3d Cir. 2017) (alteration in original) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d

6

Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207 (citing Boykins v. Abridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980) and Hall v. Pa. State Police, 570 F.2d 86, 89 (3d Cir. 1978), which set forth that a civil rights complaint is adequate when it states time, place and persons responsible).

Here, contrary to Plaintiff's arguments in his Response, the Complaint fails to identify any Defendants who personally committed the alleged wrongs. Regarding the slip and fall claim, Plaintiff alleges only that he informed "the guard on duty of Unit 5A" about the leak and slippery floor but "the guard failed to handle the situation in a reasonable manner and did not inform his supervisor about the incident." (See Doc. No. 5 at 5.) Regarding the remaining claims, Plaintiff similarly fails to identify any Defendant's personal involvement. (Id. at 5-6.) To the extent Plaintiff seeks to attribute conduct to Warden Byrne through a theory of respondeat superior, such a theory fails because liability under § 1983 "cannot be predicated solely on the operation of respondeat superior." L.L., 710 F. App'x at 550.

Because Plaintiff fails to identify any Defendant regarding these claims, and cannot establish liability solely on a theory of respondeat superior, Plaintiff fails to attach liability under § 1983. L.L., 710 F. App'x at 550. Accordingly, these claims will be dismissed.

7

## B. Plaintiff's Claim that Defendants Failed to Respond to Complaints and Grievances Will Be Dismissed

Defendants argue that Plaintiff fails to state any claims against Defendants for failure to respond to complaints and grievances because there are no constitutional rights in connection with a grievance or the grievance procedure. (Doc. No. 13 at 9.)

"Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances." Dickens v. Taylor, 464 F. Supp. 2d 341, 352-53 (D. Del. 2006) (citing Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004)). "This is because inmates do not have a constitutionally protected right to a grievance procedure." Id. at 353 (citing Burnside v. Moser, 138 F. App'x 414, 415 (3d Cir. 2005)). And the existence of a grievance procedure does not confer prison inmates with any substantive constitutional rights. Id. Moreover, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, No. Civ. A. 99-1511, 1999 WL 305240, at *2 (E.D. Pa. May 12, 1999). "Therefore, '[i]f the state elects to provide a grievance mechanism, violations of its procedures do not . . . give rise to a 1983 claim.'" Dickens, 464 F. Supp. 2d at 352-53 (quoting Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995)).

Here, Plaintiff claims that he filed grievances about being improperly housed in the Mental Segregation Unit at the prison, where he was subjected to abusive treatment by other inmates. (Doc. No. 5 at 6-9.) He complains that the grievance procedure is flawed because he was not relocated out of that unit and away from such abuse. (Id.)

Because there is no right to a response to a complaint or grievance, Plaintiff's claims against Defendants regarding the handling of his grievances will be dismissed. Dickens, 464 F. Supp. 2d at 352-53.

### C. Plaintiff's Claims Against Defendants Wise and Sabatino Will Be Dismissed

Defendants argue that Plaintiff's claims against Defendants Sgt. Sabatino and CO Wise should be dismissed because the alleged confiscation of property is not actionable as a matter of law, given that Pennsylvania has an adequate state law remedy available. (Doc. No. 13 at 10.)

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Here, Plaintiff claims in his Complaint that Defendants Sabatino and Wise improperly confiscated Plaintiff's property when, on separate occasions during searches for contraband in his cell, they took Plaintiff's televisions. (Doc. No. 5 at 9-10.) Plaintiff admits there is a grievance procedure available within the correctional system. (Id. at 6-7.) However, he failed to use it for the claims asserted. (See id.) In addition, Plaintiff does not suggest that state and common law remedies available to redress the alleged confiscation of personal property are somehow inadequate. See Hudson, 468 U.S. at 530, 535. Because meaningful postdeprivation remedies are available, the alleged confiscation is not an actionable constitutional violation. Id. at 533. Accordingly, Plaintiff's claims regarding confiscation of his property will be dismissed.

### D. Plaintiff's Claims Against Matthew Righter Will Be Dismissed

Defendants argue that Plaintiff's claims against Home Plan Coordinator Matthew Righter must be dismissed because they were already dismissed with prejudice in a prior lawsuit and therefore cannot be relitigated in this Court pursuant to the doctrine of res judicata. (Doc. No. 13 at 11). Defendants point out that res judicata precludes Plaintiff from reasserting these claims here because Plaintiff previously raised them against Righter and they were dismissed with

prejudice in Nwani v. Adult Probation & Parol Service (Nwani I) (E.D. Pa. Apr. 5, 2017) (2:17-cv-01544-JHS). (Doc. No. 13 at 11.)

Plaintiff responds that the prior action did not involve the same parties, there was not a final judgment on the merits and the causes of action are not the same in both cases. (Doc. No. 16 at 4.) Therefore, Plaintiff argues, the doctrine of res judicata should not preclude claims against Matthew Righter. (Id.)

Plaintiff makes the following allegations against Matthew Righter in his Complaint:

> Matthew Righter the home plan co-ordinator purposefully will fail to approved [sic] Plaintiff's address and to be parole[d] on August 10, 2016, on his minimum date scheduled to be released. [This occurred a]fter Plaintiff had provided Matthew Righter with his address which Plaintiff had lived in for over nine (9) years at the time. Plaintiff also provided additional addresses for his parole plan such as shelter, halfway house and his aunt's address but Mr. Righter still failed to approved [sic] Plaintiff's home plan.
>
> Just not only Plaintiff was been [sic] treated differently from other inmates that were in simillar [sic] situation. Mr. Righter's intentions were saditically [sic] and maliciouly [sic] motivated for the very purpose to cause Plaintiff to languish[] in Jail until his maximum released date, April 3, 2017. And as a result of false imprisonment Plaintiff ha[s] suffered property loss such as his house (mortgage), funitures [sic], passport, appliances, cloths [sic], TV, radio etc.

(Doc. No. 5 at 11-12.)

Plaintiff made the following allegations against Matthew Righter in the prior action:

> Parole agent also colluded with prison officials (Matthew Righter, Re-entry Access Prison Program Coordinator and Stephanie, Plaintiff's case Manager at the time) not to assist plaintiff with home plan for parole on August 10, 2016. Plaintiff was unlawfully detained until his maximum release[] date on April 3, 2017 under the pretext plaintiff had no address to be released on parole. Parole agent deliberately refused to approve his address and will not approve multiples [sic] address plaintiff provided.

Nwani I, supra, ECF No. 3 at 5.

Res judicata bars a party from initiating a second suit against the same adversary based on the same "cause of action" as the first suit. Duhaney v. Attorney Gen., 621 F.3d 340, 347 (3d

Cir. 2010). "A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" Id. (quoting In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)). The third element is established when "[t]he claim in the later action . . . grow[s] out of the same transaction or occurrence as the claim in the earlier one." Martinez v. Bank of Am., N.A., 649 F. App'x 250, 254 (3d Cir. 2016) (citation omitted).

Here, the first prong, requiring a "final judgment on the merits," is met. Id. (citation omitted). "As a matter of federal law, dismissal of a plaintiff's claims with prejudice for failure to comply with federal court orders operates as an adjudication on the merits for preclusion purposes." Jackson v. Dow Chem. Co., 902 F. Supp. 2d 658, 668-69 (E.D. Pa. 2012). The dismissal of the first action was with prejudice for failure to file an amended complaint pursuant to a Court Order. Nwani I, supra, ECF No. 6.

The second and third prongs also are met because the plaintiff and the defendant are the same in this claim and the allegations also are the same, given that they both "grow out of the same . . . occurrence." Martinez, 649 F. App'x at 254.

Because the three elements of res judicata are met, the doctrine applies to bar Plaintiff's claims against Defendant Righter. Therefore, Plaintiff's claims against Defendant Righter will be dismissed.

**E. Plaintiff's Claims Against Dana Keith Will Be Dismissed**

Plaintiff alleges in his Complaint that Defendant Dana Keith, a member of the law library staff, failed to provide Plaintiff with assistance, such as printing cases and making photocopies of legal documents, and giving him items such as writing materials and envelopes. (Doc. No. 5 at 10-11.) Plaintiff also claims that Defendant Keith did not give him sufficient time at the law

library to work on his filings and made threats to call the guards to have Plaintiff forcibly removed from the library. (Id.)

Defendants argue that Plaintiff's claim against Defendant Keith for denial of access to the courts should be dismissed because it fails to state a claim under Rule 12(b)(6). (Doc. No. 13 at 13.) Defendants argue that Plaintiff fails to state a claim for denial of access to the courts against Dana Keith because he does not claim Keith denied him use of the library. (Id.) Moreover, Defendants argue Plaintiff fails to state an actual injury and therefore his claims should be dismissed. (Id.)

"Prisoners have a right of access to the courts." Edney v. Haliburton, 658 F. App'x 164, 167 (3d Cir. 2016) (citing Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977)). The Third Circuit in Edney explained:

> This right prohibits active interference with a prisoner's preparation or filing of legal documents and ensures a reasonably adequate opportunity to present violations of fundamental constitutional rights. . . . [A] violation is only established where the prisoner shows that he was actually injured, that is, where he shows that he was actually hindered in his efforts to pursue a legal claim. An actual injury is shown only where an arguable claim is lost.

Id. (citing Lewis, 518 U.S. at 350-51; Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Thus, a prisoner pursuing this claim "'must show (1) that [he] suffered an "actual injury"—that [he] lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim' and (2) that he has no remedy 'other than in the present denial of access suit.'" Monroe v. Superintendent Coal Twp. SCI, 597 F. App'x 109, 111 (3d Cir. 2015) (alteration in original) (quoting Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)). To show the sufficiency of the underlying claim, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Id. (alteration in original) (quoting Monroe, 536 F.3d at 205-06).

Here, Plaintiff has not specified a claim he was frustrated from bringing, let alone provided information from which the Court can reasonably infer the claim he would have brought was not frivolous. Monroe, 597 F. App'x at 111. Therefore, he has failed to show that he suffered an "actual injury." Id. (citation omitted). Accordingly, Plaintiff's claim against Defendant Keith for denial of access to the Courts will be dismissed.

### F. Plaintiff's Claims for Deliberate Indifference to His Medical Needs Will Be Dismissed

Defendants argue that Plaintiff fails to state any claims against Defendants for deliberate indifference to his medical needs because the Complaint fails to plausibly allege a serious medical need or deliberate indifference. (Doc. No. 13 at 14.)

To state a claim for damages under the Eighth Amendment, Plaintiff must demonstrate a deliberate indifference to a serious medical condition. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Mere negligence does not violate the Eighth Amendment. Id. at 106. "As a result, decisions by prison medical staff relating to the exercise of professional judgment, even though they may constitute medical malpractice, are not violative of the Eighth Amendment." Thomas v. Dragovich, 142 F. App'x 33, 36 (3d Cir. 2005) (citing Estelle, 429 U.S. at 107)).

The standard established in Estelle has two prongs: (1) the prisoner's medical needs must be serious and (2) there must be deliberate indifference on the part of prison officials. Id.

#### 1. Serious Medical Need

A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Woloszyn v. County of Lawrence, 396 F.3d 314, 320 (3d Cir. 2005) (quoting Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991)).

Here, Plaintiff does not state what his medical condition was and only states that he had "eye injuries" and sustained injuries "to his right hipp [sic], knee and lower back" following his slip and fall on January 8, 2016. (Doc. No. 5 at 12.) There are no facts alleged regarding a specific diagnosis and without more specificity, Plaintiff's list of symptoms is too ambiguous to satisfy the required showing for a serious medical need.

Even assuming Plaintiff has established that his medical needs were serious, he fails to establish any deliberate indifference on the part of the prison officials.

### 2. Deliberate Indifference

Deliberate indifference requires that a defendant "knows of and disregards an excessive risk to an inmate's health or safety." Dominguez v. Governor of Pa., 574 F. App'x 63, 65 (3d Cir. 2014). The prison official "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and draw the inference." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). However, "[n]either a prisoner's subjective dissatisfaction with the care provided nor his disagreement with medical staff's professional judgment is . . . sufficient to establish deliberate indifference." Davis v. Jail, No. 15-8154, 2016 WL 676374, at *3 (D.N.J. Feb. 18, 2016) (citing Hairston v. Dir. Bureau of Prisons, 563 F. App'x 893, 895 (3d Cir. 2014)); see also White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)).

Here, Plaintiff does not allege that the asked Defendant Doctor Phillips for medical treatment and Phillips refused. Instead, he claims he was given medical care. (Doc. No. 5 at 12.) However, he complains that Phillips failed to provide "adequate treatment" and "constant medication." (Id.) Thus, Plaintiff received medical treatment for his condition but was dissatisfied with the treatment he received. Such conduct does not amount to deliberate

indifference.  Davis, 2016 WL 676374, at *3.  Accordingly, Plaintiff's Eighth Amendment claim for deliberate indifference will be dismissed.

### G. Plaintiff's Claims Against Defendant Kwaning Will Be Dismissed

Plaintiff alleges that Defendant CO Kwaning violated his constitutional rights when Kwaning watched Plaintiff while he was on the toilet, had Plaintiff submit to a search during which Kwaning touched Plaintiff's genitals and made threatening statements to Plaintiff.  (Doc. No. 5 at 10.)  Defendants address each allegation seriatim, arguing that Plaintiff fails to state a claim regarding Defendant Kwaning's conduct because the allegations are without merit.  (Doc. No. 13 at 18.)

#### 1. Allegation of Watching Plaintiff Use the Toilet

Plaintiff claims that Defendant Kwaning "watches Plaintiff as he uses the toilet."  (Doc. No. 5 at 10.)  Plaintiff does not specify a constitutional theory but appears to allege violations of the Fourth Amendment right to privacy and Eighth Amendment proscription against cruel and unusual punishment.  (See id.)

Detention and incarceration necessarily require certain limitations on otherwise protected civil liberties.  Hudson v. Palmer, 468 U.S. 517, 524 (1984); Bell v. Wolfish, 441 U.S. 520, 545-46 (1979).  In custodial facilities, "[t]he curtailment of certain rights is necessary, as a practical matter, to accommodate a myriad of 'institutional needs and objectives.'"  Hudson, 468 U.S. at 524 (citation omitted).  For this reason, the Fourth Amendment rights of inmates are measured differently from those enjoyed by persons who have not been lawfully detained or incarcerated.  In fact, because custodial facilities necessarily provide little in the way of personal privacy, Fourth Amendment rights, which only exist where a person has a reasonable expectation of

privacy that society is willing to recognize, are significantly diminished in custodial settings. See Hudson, 468 U.S. at 525-28; Bell, 441 U.S. at 557.

Moreover, the Eighth Amendment prohibits unnecessary and wanton inflictions of pain, which "are those that are 'totally without penological justification.'" Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citation omitted). This involves an objective component, which looks to the severity of the harm, and a subjective component, which looks to whether the official acted with a culpable state of mind. Hudson v. McMillian, 503 U.S. 1, 21 (1992).

The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Hence, the prisoner must sustain "extreme deprivations." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The subjective component requires that the state actor have acted with "deliberate indifference," that is, with a state of mind equivalent to a reckless disregard of a known risk of harm. Wilson, 501 U.S. at 303; Farmer v. Brennan, 511 U.S. 825, 835 (1970).

In sum, an inmate may satisfy (1) the objective component by showing that he was deprived of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care and personal safety, Rhodes, 452 U.S. at 347, and (2) the subjective component by demonstrating that prison officials knew of such substandard conditions or treatment and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

Here, Plaintiff fails to state a constitutional violation of the Fourth Amendment. As courts repeatedly have held, the act of prison officials in watching an inmate on the toilet does

not violate the Fourth Amendment right to privacy, owing to the officials' legitimate penological interests in maintaining prison security and discipline. Zullinger v. York Cty. CCC Halfway House, No. 1-10-cv-1450, 2013 WL 2434585, at *5 (M.D. Pa. June 3, 2013) (finding that no cause of action existed under the Fourth or Eighth Amendment when six female staff members directly monitored a male plaintiff while he urinated); Norris v. Premier Integrity Sols., Inc., 641 F.3d 695, 700-01 (6th Cir. 2011); Mendoza v. Blodgett, 960 F.2d 1425, 1430 (9th Cir. 1992); Sital v. Burgio, 592 F. Supp. 2d 355, 359 (W.D.N.Y. 2009); Cann v. Hayman, No. 07-2416 (GEB), 2008 WL 2276006, at *7 (D.N.J. June 2, 2008).

Plaintiff similarly fails to state a claim under the Eighth Amendment because being watched on the toilet does not amount to a risk to Plaintiff's health or safety. Rhodes, 452 U.S. at 347. Moreover, Plaintiff has not alleged facts to show that Defendant Kwaning had a sufficiently culpable state of mind to satisfy the objective component. Ingalls, 968 F. Supp. at 198. Plaintiff only alleged that Kwaning watched him on the toilet; thus there is no allegation from which the Court can infer that Kwaning knew such an act would result in a substantial risk of harm to Plaintiff's health or safety.

In comparison, the court in Zullinger was presented with more concerning allegations, that six members of the opposite gender directly monitored Plaintiff while he urinated, and found no Eighth Amendment violation. 2013 WL 2434585, at *7. Thus, this allegation against Kwaning is without merit.

### 2. Allegation of Inappropriately Touching Plaintiff's Genitals

Plaintiff claims that Defendant Kwaning conducted pat-downs on Plaintiff every second shift and "knowingly grabbed Plaintiff's genitalia and commented that his genitalia is bigger than . . . Plaintiff's." (Doc. No. 5 at 10.) Because the inappropriate touching was done pursuant to a search, the relevant inquiry is whether this constituted an unreasonable search in violation of the Fourth Amendment.

The Fourth Amendment's prohibition against unreasonable searches and seizures remains in place in prisons, but the analysis of what is reasonable is affected by a prison's need to maintain order. Bell, 441 U.S. at 559. To determine whether a search is reasonable, courts consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it was conducted." Id. Prisons have the authority to limit the constitutional rights of inmates when necessary to maintain security, and courts must generally defer to prison officials' judgment regarding what policies are necessary for security reasons. Id. at 545-47.

While Plaintiff claims he underwent "sexual assault," the facts in the Complaint state that the alleged improper touching was done pursuant to a search conducted by Defendant Kwaning. Searches that include brief touching of an inmate's genitals have been found not to violate the Fourth Amendment right against unreasonable searches and seizures. E.g., Hill v. Blum, 916 F. Supp. 470 (E.D. Pa. 1996) (search of inmate that allegedly included cupping and squeezing of inmate's genitals for two seconds did not violate the Fourth or Eighth Amendment); cf. Thornton v. Nash, No. 06-4727 (RBK), 2007 WL 433393, at *5 (D.N.J. Feb. 5, 2007) (allegation that prison guard grabbed plaintiff's buttocks during pat-down search for contraband did not rise to the level of a constitutional violation), vacated in part on other grounds by No. 06-4727, 2007

WL 4207834 (D.N.J. Nov. 21, 2007); Duncan v. Keane, No. 95 Civ. 1090 (SHS), 1995 WL 649931, at *6 (S.D.N.Y. Nov. 6, 1995) (allegation that prison guard "felt all over" plaintiff's "rear end" failed to state a claim for relief under the Eighth Amendment). Even body cavity searches, which are more invasive than the search Plaintiff underwent, are constitutional. Bell, 441 U.S. at 559. Therefore, Plaintiff's allegations about the touching fail to state a constitutional violation.

### 3. Allegations of Verbal Harassment

Plaintiff alleges that Defendant Kwaning verbally harassed him. "[I]t is well-settled that the use of words, no matter how violent or harsh, do[es] not amount to a violation of the prisoner's civil rights by the officer." Svirbley v. McGinley, No. 1:17-cv-2292, 2018 WL 638475, at *3 (M.D. Pa. Jan. 31, 2018); see Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (allegations of vulgarity did not state constitutional claim); Collins v. Cundy, 603 F.2d 825, 826 (10th Cir. 1979) (allegations that sheriff laughed at prisoner and threatened to hang him did not state claim for constitutional violation). Accordingly, Plaintiff's claim of verbal harassment also fails to state a cognizable constitutional claim.

### H. Futility to Amend

"When a plaintiff does <u>not</u> seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend . . . unless amendment would be inequitable or futile." <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (emphasis in original). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000)). In assessing "futility," this Court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)" of the Federal Rules of Civil Procedure. <u>Id.</u> "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." <u>Id.</u>

Plaintiff does not request leave to file an Amended Complaint. Such leave is not warranted in this case because "amendment would not cure the deficienc[ies] in the Complaint." <u>Shane</u>, 213 F.3d at 115. As such, the Complaint will be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### V.  CONCLUSION

For these reasons, Defendants' Motions to Dismiss (Doc. Nos. 25, 26) will be granted and the Complaint (Doc. No. 22) will be dismissed. An appropriate Order follows.